# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HELEN GROSEK, and** | : | **No. 3:07cv1592** |
| **ANTHONY GROSEK,** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **PANTHER TRANSPORTATION, INC.,** | : | |
| **PANTHER EXPEDITED SERVICES,** | : | |
| **INC., and** | : | |
| **ANTHONY L. SANDERS, a/k/a TONY** | : | |
| **SANDERS,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is defendants' motion for reconsideration of the court's order allowing plaintiff to file an amended complaint.

**Background**

This case arises out of an accident between plaintiffs' automobile and a truck driven by Defendant Anthony Sanders, an employee of Defendant Panther Transportation. On May 14, 2007, Defendant Sanders allegedly drove his tractor-trailer through a steady red light at an intersection in Dallas Township, Luzerne County Pennsylvania. His truck struck the automobile operated by plaintiff Helen Grosek, causing severe injuries. Plaintiffs filed a lawsuit in this court on August 29, 2007, which alleged that Helen Grosek's injuries were a result of the negligence of the defendants. (See Doc. 1).

Defendants answered the complaint on October 30, 2007. (See Doc. 9). After the parties underwent (unsuccessful) mediation and conducted preliminary discovery, plaintiffs on April 15, 2008 filed a motion for leave to file an amended complaint. (See Doc. 24). The amended complaint adds a claim for punitive damages. Defendants filed a brief in opposition to that motion. (See Doc. 28). After reviewing the parties' briefs on the matter and engaging in a telephone conference with the parties, on June 6, 2008 the court issued an order (Doc. 32) granting plaintiff's leave to file an amended complaint. The court also extended the discovery deadlines in the case to allow the parties time to develop evidence related to this claim. (See Doc. 36). Defendants then filed a motion for reconsideration of the court's order allowing an amended complaint and a brief in support thereof, bringing the case to its present posture. (See Docs. 37-38).

**Legal Standard**

Plaintiff seeks reconsideration of this court's order of June 6, 2008 allowing plaintiffs to amend their complaint. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 799 F.2d 906, 909 (3d Cir.1985); Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). The movant must demonstrate one of three grounds for such a motion to be granted: (1) an intervening change in controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or to prevent manifest

injustice. Max's Seafood Cafe, 176 F.3d at 677. A motion for reconsideration is not a proper vehicle merely to attempt to convince the court to rethink a decision it has already made. Glendon Energy Co. v. Borough of Glendon, 836 F. Supp.1109, 1122 (E.D. Pa. 1993). Such motions may not be used to give a dissatisfied party a chance to "[change] theories and try again," and thus obtain a "'second bite at the apple.'" Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995); see also Ogden v. Keystone Residence, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002) (finding that "The simple fact that [plaintiff] is unhappy with the result of the April 19, 2001 opinion is an insufficient basis to grant her relief.").

**Discussion**

We will deny defendants' motion. Defendants have not pointed to any new evidence, an intervening change in the controlling law, or clear error. Instead, they simply attempt to convince the court to reverse a decision already rendered. Indeed, defendants offer the same arguments made in their brief opposing the plaintiffs' motion; the brief in support of their motion for reconsideration is a word-for-word copy of the brief filed in opposition to plaintiff's motion for leave to file an amended complaint. (Compare Memorandum of Law in Support of [Defendants'] Response to Plaintiffs' Motion for Leave to File Amended Complaint (Doc. 28) at 2-9 and Memorandum of Law in Support of [Defendants'] Motion for Reconsideration (Doc. 38) at 2-8). Because defendants have offered no new arguments to support their

motion for reconsideration, that motion will be denied.[1]  An appropriate order follows.

---

[1] In any case, the claim plaintiffs seek to add is for punitive damages.  The court concludes that the question of punitive damages–which requires the plaintiff show outrageous conduct–would be best resolved at the close of discovery.  See, e.g., Hutchinson v. Luddy, 870 A.2d 766, 770 (Pa. 2005) (finding that "punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct.").  As the court has extended the discovery deadlines in the case to allow the parties to collect facts on this issue, no prejudice will result to the defendants from allowing amendment of the complaint.  Allowing such amendment to include a punitive damages claim was therefore proper.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HELEN GROSEK,** and **ANTHONY GROSEK,** | : : | **No. 3:07cv1592** |
| Plaintiffs | : : | (Judge Munley) |
| v. | : : | |
| **PANTHER TRANSPORTATION, INC., PANTHER EXPEDITED SERVICES, INC.,** and **ANTHONY L. SANDERS, a/k/a TONY SANDERS,** | : : : : : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 12th day of June 2008, the defendants' motion for reconsideration (Doc. 37) is hereby **DENIED**.

                              **BY THE COURT:**

                              **s/ James M. Munley**
                              **JUDGE JAMES M. MUNLEY**
                              **UNITED STATES DISTRICT COURT**