IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HELEN GROSEK and ANTHONY : 
GROSEK, JR., Her Husband, : JURY TRIAL DEMANDED
          Plaintiffs, :
  :
  :
       v. : CIVIL ACTION NO. 07-01592
  :
PANTHER II TRANSPORTATION, INC. :
PANTHER EXPEDITED SERVICES, :
INC., and ANTHONY L. SANDERS :
a/k/a TONY L. SANDERS :
          Defendants. :

**DEFENDANTS PANTHER II TRANSPORTATION, INC. D/B/A PANTHER
EXPEDITED SERVICES, INC. AND ANTHONY L. SANDERS, A/K/A TONY L.
SANDERS' MOTION FOR PROTECTIVE ORDER RELATING TO PLAINTIFFS'
PUNITIVE DAMAGES REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Panther II Transportation, Inc. d/b/a Panther Expedited Services, Inc. and

Anthony L. Sanders, a/k/a Tony L. Sanders ("defendants"), by and through their attorneys,

Rawle & Henderson LLP, hereby file this Motion for Protective Order relating to plaintiffs'

Punitive Damages Request for Production of Documents, and in support aver that:

      1.      On August 29, 2007, plaintiffs initiated a cause of action in this Court alleging

personal injuries arising out of an intersectional accident which occurred on or about May 14,

2007 in Dallas Township, Pennsylvania.  (See Docket No. 1).

      2.      Defendants filed their Answer on October 30, 2007.  (See Docket No. 9).

      3.      The parties have engaged in extensive discovery and participated in mediation.

      4.      Plaintiff filed a Motion for Leave to Amend the Complaint to add an alleged

subsequent hip fracture and a claim for punitive damages.  (See Docket Nos. 21-26).

      5.      Defendants timely filed a response to plaintiffs' Motion for Leave to Amend

arguing that plaintiffs' proposed amendment to include a claim of punitive damages fails to set

discovery.  (See Docket No. 40).  The Court further noted that the discovery deadlines in this

matter were extended to allow the parties to collect facts on the issue of whether plaintiffs can

show outrageous conduct.

12.     Thus, while the Court has permitted plaintiffs the opportunity to "collect facts" to

in support of their claim for punitive damages, there has been no finding at this time that punitive

damages are warranted.

13.     Counsel for defendants has spoken to plaintiffs' counsel on the telephone and via

e-mail objecting to any punitive damages discovery at this time.

14.     Counsel were unable to reach an agreement as to this discovery issue.

15.     Federal Rule of Civil Procedure 26(c) states that a party may receive a protective

order "for good cause shown."

16.     Rule 26(c) provides in relevant part:

> Upon motion by a party or by the person from whom discovery is
> sought, accompanied by a certification that the movant has in good
> faith conferred or attempted to confer with the other affected
> parties in an effort to resolve the dispute without court action, and
> for good cause shown, the court in which the action is pending . . .
> may make any Order which justice requires to protect a party or
> person from annoyance, embarrassment, oppression or undue
> burden or expense, including one or more of the following:
>
> (4)  that certain matters not be inquired into, or that the scope of
> the disclosure or discovery be limited to certain matters.

17.     "Rule 26 will not permit the discovery of facts concerning a defendant's financial

status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the

discovery of admissible evidence." McCurdy v. Wedgewood Capital Mgmt. Co., 1998 U.S.

Dist. LEXIS 18875, *37-38 (E.D. Pa. 1998).

2442145-1                                            3

18.     Such information does not become relevant prior to judgment.  McCurdy, 1998 U.S. Dist. LEXIS at *38.

19.     Additionally, Federal Rule of Civil Procedure 34(c) provides that a nonparty, by subpoena as set forth in Rule 45, may be compelled to produce documents and tangible things or to permit an inspection.

20.     Plaintiffs are improperly attempting to conduct discovery as to nonparties Fenway Partners, Inc. and any parent companies of defendants by failing to comply with Rules 34(c) or 45 of the Federal Rules of Civil Procedure.

21.     Fenway Partners, Inc. is not the direct owner of Panther II Transportation, Inc. See Affidavit of Jeffrey St. Pierre attached hereto as Exhibit "B."

22.     Fenway Partners, Inc. experts no management or control over defendant Panther. Id.

23.     Accordingly, any information concerning Fenway Partners, Inc. is irrelevant given it has not been named a party to this litigation.  Id.

24.     Additionally, despite the fact that the incident giving rise to this action took place in May of 2007, plaintiffs are seeking financial information for the years 2003-2008.

25.     Furthermore, plaintiffs are seeking *all* corporate tax returns and financial statements for Fenway Partners, Inc. or any parent companies of defendants as well as *all* documents filed with the United States Securities and Exchange Commission, with no time limitation, and all financial statements used for private equity or bank loans for the years 2003-2007.

26.     Not only are these requests overly broad, they are not reasonably calculated to lead to the discoverability of admissible evidence.

27.     Accordingly, defendants request that plaintiffs' punitive damages discovery request for production of all corporate tax returns and financial statements; all documents filed with the United States Securities and Exchange Commission; and all financial statements used for private equity or bank loans, be stricken.

28.     Defendants certify through their attorneys that they have in good faith conferred with counsel for plaintiffs in an effort to resolve this dispute without Court action.

WHEREFORE, defendants Panther II Transportation, Inc. d/b/a Panther Expedited Services, Inc. and Anthony L. Sanders, a/k/a Tony L. Sanders respectfully request this Honorable Court grant their Motion for Protective Order and issue an Order in the form attached hereto.

In the alternative, should the Court find that punitive damages discovery is permissible at this time, defendants request that this Court enter a protective order (1) striking plaintiffs' punitive damages request for production as to nonparties Fenway Partners, Inc. or any parent companies of Panther II Transportation, Inc. and Panther Expedited Services, Inc.; (2) limiting the time frame in which defendants are required to produce financial information to the years 2007 to the present; (3) striking plaintiffs' punitive damages request for production of all corporate tax returns and financial statements; all documents filed with the United States Securities and Exchange Commission; and all financial statements used for private equity or bank loans; and (4) marking as "confidential" all documents produced in response to plaintiffs' Punitive Damages Request for Production of Documents, as set forth in the attached Alternative Order.

RAWLE & HENDERSON LLP

By:  _____/s/ Valerie Kellner_____
         Thomas A. Kuzmick, Esquire
         Valerie Kellner, Esquire

Attorneys for Defendants
The Widener Building
One South Penn Square
Philadelphia, PA   19107
(215) 575-4200

Dated:   June 26, 2008

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing Motion for Protective

Order was mailed to the following counsel by United States First Class Mail, postage prepaid:

Richard A. Russo, Esquire
Andrew D. Bigda, Esquire
Rosenn, Jenkins & Greenwald LLP
15 South Franklin Street
Wilkes-Barre, PA   19711


**RAWLE & HENDERSON LLP**

By _Valerie Kellner /TAK_
Thomas A. Kuzmick, Esquire
Valerie Kellner, Esquire
Attorneys for Defendants
The Widener Building
One South Penn Square
Philadelphia, PA   19107
(215) 575-4200


DATED: June 26, 2008