IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HELEN GROSEK and ANTHONY GROSEK, JR., Her Husband,<br>Plaintiffs, | : <br> : JURY TRIAL DEMANDED <br> : <br> : |
| v. | : CIVIL ACTION NO. 07-01592 |
| PANTHER II TRANSPORTATION, INC. PANTHER EXPEDITED SERVICES, INC., and ANTHONY L. SANDERS a/k/a TONY L. SANDERS<br>Defendants. | : <br> : <br> : <br> : <br> : |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS
PANTHER II TRANSPORTATION, INC. D/B/A PANTHER EXPEDITED
SERVICES, INC. AND ANTHONY L. SANDERS, A/K/A TONY L. SANDERS'
MOTION FOR PROTECTIVE ORDER RELATING TO PLAINTIFFS'
PUNITIVE DAMAGES REQUEST FOR PRODUCTION OF DOCUMENTS**

Defendants Panther II Transportation, Inc. d/b/a Panther Expedited Services, Inc. and Anthony L. Sanders, a/k/a Tony L. Sanders, by and through their attorneys, Rawle & Henderson LLP, hereby submit this Memorandum of Law in support of their Motion for Protective Order:

I.   **FACTS**

On August 29, 2008, plaintiffs initiated a cause of action in this Court alleging personal injuries arising out of an intersectional accident which occurred on May 17, 2007 in Dallas Township, Pennsylvania. (See Docket No. 1). Defendants filed their Answer on October 30, 2007. (See Docket No. 9).

The parties have engaged in extensive discovery and participated in mediation. Plaintiff filed a Motion for Leave to Amend the Complaint to add an alleged subsequent hip fracture and a claim for punitive damages. (See Docket Nos. 21-26). Defendants timely filed a response to plaintiffs' Motion for Leave to Amend arguing that plaintiffs' proposed amendment to include a

claim of punitive damages fails to set forth a claim upon which relief could be granted and that the amendments would prejudice defendants. (See Docket Nos. 27-28).

On June 5, 2008, while the Motion for Leave to Amend to include a claim for punitive damages was still pending, plaintiffs served defendants with a Request for Production of Documents relating to punitive damages on June 5, 2008. See Request attached hereto as Exhibit "A." Plaintiffs' punitive damages document requests seek the following:

- All audited financial statements for the years 2003-2007;
- All interim financial statements for 2008;
- Corporate tax returns for the years 2003-2007;
- Corporate tax returns and financial statements for Fenway Partners, Inc. or any parent companies of defendants;
- All documents filed with the United States Securities and Exchange Commission;
- All financial statements used for private equity or bank loans for the years 2003-2007.

On June 6, 2008, the Court granted plaintiffs' Motion for Leave to File an Amended Complaint. (See Docket No. 32). That same day, plaintiffs filed their Amended Complaint asserting punitive damages claims against defendants. (See Docket No. 34). On June 12, 2008, the Court entered an Order denying defendants' Motion for Reconsideration of the Order granting plaintiffs' Motion for Leave to File an Amended Complaint. In footnote 1 of that Order, the Court stated that the question of punitive damages, which requires the plaintiffs show outrageous conduct, would be best resolved at the close of discovery. (See Docket No. 40). The Court further noted that the discovery deadlines in this matter were extended to allow the parties to collect facts on the issue of whether plaintiffs can show outrageous conduct. Thus, while the

Court has permitted plaintiffs the opportunity to "collect facts" in support of their claim for punitive damages, there has been no finding at this time that punitive damages are warranted.

Counsel for defendants has spoken to plaintiffs' counsel on the telephone and via e-mail objecting to punitive damages discovery at this time. Counsel were unable to reach an agreement as to this discovery issue. Defendants certify through their attorneys that they have in good faith conferred with counsel for plaintiffs in an effort to resolve this dispute without Court action.

## II. LEGAL ARGUMENT

### A. Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure defines the general scope and limits of permitted discovery. In sum, one may request information that is relevant to any claims or defenses. However, Rule 26(b)(2)(C) limits the use of discovery methods if

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; or ...
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Fed.R.Civ.P. 26(b)(2)(C).

Rule 26(c) provides that a person or party from whom discovery is sought may move the court, for good cause shown, to issue an order to "protect the party or person from annoyance, embarrassment, or pressing or undue burden and expense, including one or more of the following: that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters . . . ." Fed.R.Civ.P 26(c). The Court may impose

restrictions on the extent and manner of discovery. See Pearson v. Miller, 211 F.3d 57 (3rd Cir. 2000) (the Court may "fashion a set of limitations that allows as much relevant material to be discovered as possible"). Protective orders are intended to provide a measure of privacy, while balancing against this privacy interest the public's right to obtain information concerning judicial proceedings. Rosen v. Tabby, 1996 U.S. Dist. LEXIS 16242, *2-3 (E.D. Pa. 1996), *citing* Pansy v. Borough of Stroudsburg, 23 F.3d 772, 278 (3d Cir. 1994). This rule authorizes the court to order that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters. McCurdy v. Wedgewood Capital Man. Co., Inc., 1998 U.S. Dist. LEXIS 18875, *12 (E.D. Pa. 1998), *citing* MOORE'S FEDERAL PRACTICE 3D, §26.105[5] (1998).

### B.   Punitive Damages Discovery is Not Permissible as Premature.

"Rule 26 will not permit the discovery of facts concerning a defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant, and cannot lead to the discovery of admissible evidence." McCurdy v. Wedgewood Capital Mgmt. Co., 1998 U.S. Dist. LEXIS 18875, *37-38 (E.D. Pa. 1998). See also Ranney-Brown Distributors, Inc. V.E.T. Barwick Industries, Inc., 75 F.R.D. 3, 4 (S.D. Ohio 1977); Renshaw v. Ravert, 82 F.R.D. 361, 363 (E.D. Pa. 1979) (inquiry into defendant's personal financial status is not ordinarily permitted) (*citing*, 8 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE § 2010, at 93 (1970)); Bogosian v. Gulf Oil Corp., 337 F. Supp. 1228 (E.D. Pa. 1971) (deposition questions with respect to antitrust plaintiff's net worth and his ability to satisfy judgment for costs in the event defendants prevailed were not relevant to the subject matter of lawsuit); Blount v. Wake Electric Membership Corporation, 162 F.R.D. 102, 104 (E.D. N.C. 1993) (evidence of defendant's financial condition was not subject to discovery in personal injury case unless plaintiff made factual showing that viable claim for punitive damages existed); U.S. v. General

Electric Company, 158 F.R.D. 161, 163 (D. Oregon 1994) (corporate tax returns and financial statements of plaintiff, contractor, were not discoverable because financial condition was not relevant to issue of whether contractor was fully compensated for work it performed). Accordingly, such information does not become relevant prior to judgment. McCurdy, 1998 U.S. Dist. LEXIS at *38.

In Chenowith v. Schaaf, 98 F.R.D. 587, 589-90 (W.D. Pa. 1983), the Court held that where nothing more than statements, which were conclusive in nature, were included in the complaint, the Court was unable to say that there was a real possibility that punitive damages would be an issue, sufficient to allow the discovery information requested. Thus, the Court granted defendant's motion for protective order but noted its order in no way prohibited plaintiff from obtaining punitive damages should a sufficient evidentiary showing be made at trial. Id. at 590. Similarly, in Rosen, *supra*, the Court held that the financial worth of the defendants would only be relevant if the evidence at trial established a basis for punitive damages and, thus, it was not necessary for defendants to produce their financial information until that time. 1996 U.S. Dist. LEXIS at *3. See also Luria Brothers and Co., Inc. v. Allen, 469 F.Supp. 575 (W.D. Pa. 1979) (court allowed discovery of the financial condition of the defendants in a punitive damages case *only* after liability had previously been determined).

Likewise, Pennsylvania courts have held that the wealth of the defendant is a proper consideration in the jury's determination of the amount of punitive damages to award, not in the jury's determination of whether or not to impose punitive damages in the first place. Vance v. 46 & 2, Inc., 920 A.2d 202, 2007 PA Super 71, *P10 (2007). Evidence of the tortfeasor's finances or wealth is not a prerequisite to the imposition of punitive damages. Id. at *P1. The "polestar for the jury's assessment of punitive damages is the outrageous conduct of the

defendants, not evidence of a defendant's wealth." Id. at *P14. (Citations omitted.) Evidence of wealth is not mandatory to establish a claim for punitive damages. Id. Accordingly, a jury could base its "award of punitive damages entirely on its assessment of [the tortfeasor's] conduct." Id. See also Viener v. Jacobs, 834 A.2d 546, 561 2003 PA Super 324 (2003) ("[E]vidence of personal wealth is not mandatory in the determination of punitive damages."). Id.

As the above case law makes clear, pretrial discovery of the financial status of defendants is prohibited absent a bona fide claim for punitive damages and is, thus, premature at this time. Merely claiming that the defendants' conduct was outrageous in terms that are conclusive in nature will not suffice. Chenowith, 98 F.R.D. at 589. If it is previously determined that a defendant's conduct was such so as to allow the plaintiff to recover punitive damages, then disclosure of the general net worth of said defendant is appropriate. Id. On the other hand, should a complaint solely read in negligence, then the general net worth of the defendant is not discoverable because it would bear no relevance to that particular subject matter. Id. The complaint must allege a set of circumstances which will demonstrate to the court at least a real possibility that punitive damages will be at issue. Id.

In the present case, plaintiffs have done nothing more in their Amended Complaint than make bald allegations of outrageous conduct which are insufficient to allow for pretrial discovery in this sensitive area. Plaintiffs merely state in a conclusory manner that defendants' conduct was reckless, wanton, outrageous, willful and malicious but fail to provide any factual basis whatsoever for these allegations, sufficient to warrant an award of punitive damages. In fact, on June 12, 2008, the Court entered an Order denying defendants' Motion for Reconsideration of the Order granting plaintiffs' Motion for Leave to File an Amended Complaint. In footnote 1 of that Order, the Court stated that the question of punitive damages,

which requires the plaintiffs show outrageous conduct, would be best resolved at the close of discovery. (See Docket No. 40). The Court further noted that the discovery deadlines in this matter were extended to allow the parties to collect facts on the issue of *whether plaintiffs can show outrageous conduct*. Thus, while the Court has permitted plaintiffs the opportunity to "collect facts" on the issue of *whether plaintiffs can show outrageous conduct*, there has been no finding at this time that punitive damages are warranted.

Plaintiffs' Punitive Damages Request for Production of Documents are premature as a bona fide claim for punitive damages has not been made at this time and, accordingly, a Protective Order is warranted.

### C. Plaintiffs' Punitive Damages Document Requests Are Improperly Directed to Nonparties.

Federal Rule of Civil Procedure 34(c) provides that a nonparty, by subpoena as set forth in Rule 45, may be compelled to produce documents and tangible things or to permit an inspection.

Plaintiffs' punitive damages discovery requests seek information from Fenway Partners, Inc. or any parent companies of the defendants. See Exhibit "A." Fenway Partners, Inc. and any parent companies of defendants are not parties to this litigation. Fenway Partners, Inc. is not the direct owner of Panther II Transportation, Inc. See Affidavit of Jeffrey St. Pierre attached hereto as Exhibit "B." Fenway Partners, Inc. experts no management or control over defendant Panther. Id. Accordingly, any information concerning Fenway Partners, Inc. is irrelevant given it has not been named a party to this litigation. Id. Thus, if plaintiffs wish to compel these nonparties to produce documents or to permit an inspection, plaintiffs must comply with Rules 34 and 45 of the Federal Rules of Civil Procedure.

In this case, plaintiffs have not obtained the requisite subpoenas pursuant to Fed.R.Civ.P. 34(c) and 45 to conduct discovery as to a nonparty. Accordingly, a protective order is warranted and plaintiffs' Punitive Damages Request for Production of Documents properly stricken as to Fenway Partners, Inc. or any parent companies of the defendants.

### D. Plaintiffs' Punitive Damages Request for Production of Documents are Overly Broad.

Plaintiffs' seek financial information as follows:

- All audited financial statements for the years 2003-2007;

- All interim financial statements for 2008;

- Corporate tax returns for the years 2003-2007;

- Corporate tax returns and financial statements for Fenway Partners, Inc. or any parent companies of defendants;

- All documents filed with the United States Securities and Exchange Commission;

- All financial statements used for private equity or bank loans for the years 2003-2007.

Despite the fact that the incident giving rise to this action took place in May of 2007, plaintiffs are seeking financial information for the years 2003-2008. Furthermore, plaintiffs are seeking *all* corporate tax returns and financial statements for Fenway Partners, Inc. or any parent companies of defendants as well as *all* documents filed with the United States Securities and Exchange Commission, with no time limitation, and all financial statements used for private equity or bank loans for the years 2003-2007. Not only are these requests overly broad, they are not reasonably calculated to lead to the discoverability of admissible evidence.

While defendants remain prepared to provide relevant information regarding the accident, plaintiffs should not be permitted to go on a fishing expedition, harass the defendants and raise

the cost of litigation by inquiring into matters which are immaterial, overly broad and overly burdensome. Discovery is generally broad, but there are boundaries that can be imposed by this Court which will force plaintiffs to focus their case on the discovery of relevant information.

### III. CONCLUSION

For the foregoing reasons, defendants Panther II Transportation, Inc. d/b/a Panther Expedited Services, Inc. and Anthony L. Sanders, a/k/a Tony L. Sanders respectfully request that this Court enter a protective order quashing plaintiffs' punitive damages request for production of documents relating to defendants' net worth and/or financial information until liability has been determined.

In the alternative, should the Court find that punitive damages discovery is permissible at this time, defendants request that this Court enter a protective order (1) striking plaintiffs' punitive damages request for production as to nonparties Fenway Partners, Inc. or any parent companies of Panther II Transportation, Inc. and Panther Expedited Services, Inc.; (2) limiting the time frame in which defendants are required to produce financial information to the years 2007 to the present; (3) striking plaintiffs' punitive damages request for production of all corporate tax returns and financial statements; all documents filed with the United States Securities and Exchange Commission; and all financial statements used for private equity or bank loans; and (4) marking as "confidential" all documents produced in response to plaintiffs' Punitive Damages Request for Production of Documents, as set forth in the attached Alternative Order.

                                              Respectfully submitted,

                                              **RAWLE & HENDERSON LLP**

                                              By: _____/s/ Valerie Kellner_____

Dated: June 26, 2008

Thomas A. Kuzmick, Esquire
Valerie Kellner, Esquire
Attorneys for Defendants
The Widener Building
One South Penn Square
Philadelphia, PA   19107
(215) 575-4200