# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HELEN GROSEK, and** | : | **No. 3:07cv1592** |
| **ANTHONY GROSEK,** | : | |
| **Plaintiffs** | : | **(Judge Munley)** |
| | : | |
| **v.** | : | |
| | : | |
| **PANTHER TRANSPORTATION, INC.,** | : | |
| **PANTHER EXPEDITED SERVICES,** | : | |
| **INC., and** | : | |
| **ANTHONY L. SANDERS, a/k/a TONY** | : | |
| **SANDERS,** | : | |
| **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court are the parties' motions in limine. Having been fully briefed, the matters are ripe for disposition.

**Background**

This case arises out of an accident between plaintiffs' automobile and a truck driven by Defendant Anthony Sanders, an employee of Defendant Panther Transportation ("Panther"). On May 14, 2007, Defendant Sanders allegedly drove his tractor-trailer through a steady red light at an intersection in Dallas Township, Luzerne County Pennsylvania. His truck struck the automobile operated by plaintiff Helen Grosek, causing severe injuries. Plaintiffs filed a lawsuit in this court on August 29, 2007, which alleged that Helen Grosek's injuries were a result of the defendants' negligence. (See Doc. 1).

After discovery closed, the defendants filed a motion for partial summary judgment. (Doc. 50). On February 20, 2009, the court issued a memorandum and order granting this motion in part and denying it in part. (Doc. 66). The court then scheduled a pre-trial conference, ordering the parties to file their motions in limine in advance of that date. (Id.). The parties did so, and briefed the issues, bringing the case to its present posture.

**Jurisdiction**

This court has jurisdiction pursuant to the diversity jurisdiction statute, 28 U.S.C. § 1332. The plaintiffs are Pennsylvania citizens, and the defendant corporations incorporated and with their principle places of business in states other than Pennsylvania. Defendant Sanders is a citizen of North Carolina. The amount in controversy exceeds $75,000.

**Discussion**

The parties have raised a number of motions in limine. The court will address them in turn.

   **a. Defendants' Motion in Limine to Trifurcate the Trial.**

Defendants seek to have the court trifurcate the trial. (Doc. 68). Defendants argue that the trial should be divided into three segments: first, the jury should consider the question of liability; next, the jury should consider whether to award compensatory damages; finally, the jury should deliberate on the question of punitive damages. Defendants insist that the jury would become distracted and unable to

2

concentrate on the question of liability if confronted with the extensive damages suffered by the plaintiffs, especially by Plaintiff Helen Grosek.  Moreover, the evidence to satisfy the burden of proof on damages is not relevant to the question of liability and thus not necessary to answering that initial question.  Because the witnesses in each of these stages are different, no duplication of evidence will occur in separate trials.  Defendants also seek to separate the question of punitive damages, arguing that the jury would be allowed to consider defendants' net worth in assigning punitive damages and that knowledge of the defendants' deep pockets would inflate the compensatory damages a jury awards.

Rule 42 of the Federal Rules of Civil Procedure provides for separate trials as follows:

> For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. . .

FED. R. CIV. P. 42.

The decision to bifurcate (or in this case trifurcate) is left to the trial court's discretion and must be decided on a case by case basis.  Idzojtic v. Pennsylvania R.R. Co., 456 F.2d 1228, 1230 (3d Cir.1972).  In exercising our discretion, we "must weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources."  Emerick v. U.S. Suzuki Motor Corp., 750 F.2d 19, 22 (3d Cir. 1984).  The moving party bears the burden of establishing that bifurcation is appropriate.  See Innovative Office Prod., Inc. v. Spaceco, Inc., No. 05-

04037, 2006 WL 1340865 *1 (E.D. Pa. May 15, 2006); 9A WRIGHT & MILLER, FED. PRAC. AND PRO. CIV. 2D § 2388.

The court concludes that trifurcation of the trial is inappropriate. Defendants' position is that the scope of the injuries plaintiff suffered and the possibility of punitive damages could create prejudice against a wealthy company. The court, defendants argue, should therefore hold three separate proceedings to assess the consequences of the accident in which the parties were involved. The court finds that this procedure would create a needless waste of court time and resources. Every civil trial contains questions of liability and damages, and the decision whether to bifurcate (or trifurcate) the trial must be based on the particular facts of the case. See Lis v. Robert Packer Hospital, 579 F.2d 819, 824 (3d Cir. 1978) (finding that "the decision [to bifurcate] must be made by a trial judge only as a result of an informed exercise of discretion on the merits of the case."). At issue in this case is the assigning of fault in an accident between an automobile and a tractor trailer. That task is not so complicated that a jury needs to consider the issue of liability separately in a separate proceeding before addressing damages. See, e.g., Barr Laboratories, Inc. v. Abbott Laboratories, 978 F.2d 98, 115 (3d Cir. 1992) (upholding trial court's decision to bifurcate an anti-trust trial so that the jury could first determine "the proper definition of the relevant product market" since the court concluded "that bifurcation would prove beneficial by enhancing juror comprehension of the complex issues presented."). Likewise, the extent and nature of the damages

4

are not so complicated that a separate proceeding would be necessary or advisable to avoid jury confusion. The jury will not be confused by the task of assigning fault for the accident and then, if appropriate, determining the extent of plaintiff's injuries.

The court also finds that defendants would not be subject to undue prejudice because of the extensive damages suffered by the plaintiff in this case. Plaintiff was involved in an automobile accident that injured her severely. She has evidence that the plaintiff caused that accident. If a jury accepts plaintiff's arguments on liability she could receive substantial damages. Such are the facts of the case. To accept plaintiff's position that the extensive liability to which they are exposed inevitably creates prejudice and entitles them to a separate trial on liability and damages would be to allow every defendant facing large liability to receive at least a bifurcated trial. The court does not accept the position that a potentially large verdict creates unfair prejudice and the impossibility of a fair trial. Here, the court is confident that a proper explanation of the law will cause the jurors to decide liability based on the facts of the case, not based on sympathy for the plaintiff's condition.

Defendants' argument that the discussion of punitive damages would allow the introduction of evidence into trial that would confuse the jury and lead to an inappropriate verdict on liability is equally unconvincing. The court is confident that it can construct a jury charge and verdict slip that will prevent prejudice to the defendant. See, e.g., Thabault v. Chait, 541 F.3d 512, 530 (3d Cir. 2008) (upholding decision not to bifurcate trial in part because the court's jury instructions prevented

5

prejudice against the defendant). The court will therefore deny the motion to trifurcate the trial.

### b. Defendants' Motion to Exclude the Testimony of Plaintiffs' Expert Witness Christina Kelly and Portions of her Report

Defendants seek to exclude any expert testimony from Christina Kelly regarding any willful, wanton, outrageous, malicious or reckless conduct by Defendant Panther Transportation. (Doc. 80). Plaintiffs do not oppose the motion, and the court will grant it.[1]

### c. Plaintiffs' motion to preclude argument that plaintiffs must prove defendants acted willfully, knowingly or with an evil motive to recover punitive damages

Plaintiffs seek to preclude argument from the defendants that they must prove defendants acted willfully, knowingly or with an evil motive to recover punitive damages. (Doc. 72). The plaintiffs argue that Pennsylvania law establishes that punitive damages are available when a defendant acts in an outrageous fashion, or with reckless indifference to a known risk, and that defendants should be precluded from suggesting that this standard requires willfulness, knowledge or evil motive. Defendants disagree with this reading of the law.

The court finds that this motion is not an appropriate subject for a motion in

---

[1]Defendants also filed a motion in limine to preclude any testimony or evidence concerning a traffic citation received by Defendant Anthony Sanders. (Doc. 70). Plaintiffs then filed a praecipe to withdraw that motion. (Doc. 83).

6

limine. During the trial, the court, not plaintiff or defense counsel, will explain the law to the jury. The lawyers will elicit the relevant facts from the witnesses, and the court will provide the legal framework within which jury will place those facts. A motion in limine to exclude a particular legal argument, therefore, is not appropriate. The appropriate time to address the issue of the proper legal standard to apply to awarding punitive damages is the conference on the jury charge. The motion will therefore be denied without prejudice to the parties raising the issue at a more appropriate time.

### d. Plaintiffs' motion to exclude evidence or argument suggesting that compliance with a federal regulation relieves defendants from liability

Plaintiffs seek to exclude evidence or argument that complying with federal safety regulations relieves defendants from liability in this case. (Doc. 74). Plaintiffs argue that compliance with federal law does not provide an actor with a per se release of liability for negligence. They insist that defendants should not be allowed to argue that observing such laws establishes that they exercised due care in hiring and training the driver in this case, Defendant Sanders. Defendants respond that evidence about how they trained Defendant Sanders is relevant to the case, and therefore should be admissible, regardless of whether such training provides an absolute defense against liability in negligence.

The court agrees with the defendants that evidence about the training provided Sanders is relevant to the case, and therefore admissible. As explained

7

above with reference to the motion to preclude particular arguments about punitive damages, the court will provide the jury with the proper legal framework in which to place these facts.  The motion in limine will therefore be denied without prejudice to the plaintiffs raising the issue at the appropriate time.

**e.  Plaintiffs' motion to confirm the admissibility of evidence regarding Defendant Sanders's  traffic citation**

The plaintiffs seek to have the court confirm that evidence demonstrating that Defendant Sanders pled guilty to the charge of failing to stop for a steady red light on the day of the accident in question.  (Doc. 77).  They argue that the Federal Rules of Evidence make the plea admissible as an admission against interest, and that those rules, not Pennsylvania evidentiary rules, apply to this action.  Moreover, the evidence is relevant to the facts at issue in the case, since it makes more likely that Sanders failed to yield for a red light.  Even if the court precludes the evidence in the plaintiffs' case, however, plaintiffs argue that the citation would be admissible as impeachment if Sanders testifies that he did not run a red light.  Defendant responds that Sanders's plea is not admissible under both Pennsylvania and federal law, and that even if the plea were admissible, it should be excluded as irrelevant and unfairly prejudicial.

The question here is whether federal or Pennsylvania evidentiary rules should apply to this case. The Third Circuit Court of Appeals has stated that in a diversity case "if [evidentiary] rules [between state and federal courts] conflict we must apply

the federal rules so long as they are 'rationally capable of classification as procedural.'" Salas v. Wang, 846 F.2d 897, 904 (3d Cir. 1988) (quoting Hanna v. Plumer, 380 U.S. 460, 472 (1965)).  Of course, "the determination of whether a particular evidentiary ruling involves federal procedural law or state substantive law, can be difficult.  Often admissibility issues overlap with substantive concerns such as standards of proof."  Schulz v. Celotex Corp., 942 F.2d 204, 207 (3d Cir. 1981).

As a preliminary matter, the court finds that the fact that Defendant Sanders has pled guilty to failing to stop at a red light would be admissible under federal law, since at dispute here is whether Sanders ran a red light and injured Plaintiff Helen Grosek, and Sanders's guilty plea would make a fact of consequence to the litigation more likely.  See FED. R. EVID. 401.  Moreover, Sanders's statement is an admission by a party opponent, and thus not precluded as hearsay.  See FED. R. EVID. 801(d)(2).  The evidence is also not unduly prejudicial, since Sanders does not dispute that he pled guilty, and only attempts to explain why circumstances would lead him to plead guilty.  Thus, while evidence of the guilty plea harms Sanders's position in the litigation, that evidence is not *unfairly* prejudicial.  See FED. R. EVID. 403; see also Forrest v. Beloit Corp., 424 F.3d 344, 359 n.10 (3d Cir. 2005) (noting that "'the term 'unfair prejudice' as a factor against which the probative value of evidence is weighed under Rule 403 is often misstated as mere prejudice.  Indeed, any evidence that tends to harm a party's case could be said to be prejudicial.  Thus, the prejudicial effect of admitting the evidence must rise to the level of creating an

unfair advantage for one of the parties for the evidence to be excluded under Rule 403.'") (quoting Coleman v. Home Depot, Inc., 306 F.3d 1333, 1343 n.6 (3d Cir. 2002)). Defendant will have an opportunity at trial to explain his actions, and the mere fact that he plead guilty to a minor traffic citation would not so prejudice a reasonable juror against Sanders that his explanation would be futile.

At the same time, Pennsylvania law provides that "[a] plea of guilty or nolo contendere, or a payment of the fine and costs prescribed after any such plea, in any summary proceeding made by any person charged with a violation of Title 75 (relating to vehicles) shall not be admissible as evidence in any civil matter arising out of the same violation or under the same facts or circumstances." 42 Pa. C. S. § 6142(a). Thus, a court in Pennsylvania would not admit the evidence, since Sanders's did not contest the charge. Here, then, evidence of Defendant Sanders's plea would be admissible under federal law and inadmissible under Pennsylvania law.

Thus, the question is whether the Pennsylvania rule excluding the evidence is substantive or procedural. If the rule is substantive, the court must exclude it. The court must rule on the admissibility of a piece evidence in a case involving an automobile accident, not the burden of proof that the plaintiff is required to meet. Allowing evidence of the traffic citation and Sanders's plea to it will not alter any of the elements plaintiffs must prove to prevail on their claims. As such, the Pennsylvania rule prohibiting the introduction of such evidence is rationally capable

of classification as procedural and the court will apply the federal rule and admit the evidence.  See, e.g., Rain v. Pavkov, 357 F.2d 506, 509 (3d Cir. 1962) (finding that a guilty plea to a reckless driving charge was admissible as an admission against interest, and that the district court erred in applying a Pennsylvania evidentiary rule to exclude it, since "[r]ules of evidence are, with few exceptions, procedural."); In re Paoli R.R. Yard Pcb Litig., 35 F.3d 717, 751 (3d Cir. 1988) (noting that "[i]f Pennsylvania's rule were only a standard of admissibility in conflict with the Federal Rules of Evidence Pennsylvania's rule would be 'rationally capable of classification as procedural' and the Federal Rules of Evidence would govern.'").

**f. Plaintiffs' motion to exclude irrelevant testimony by defendants' expert, Hugh Galbreath**

Plaintiffs seek to exclude portions of the testimony of Hugh Galbreath, an expert employed by the defendants to discuss motor vehicle carrier regulations and safety procedures, as well as the training Defendant Panther provided Defendant Sanders in this case.  As part of his report, Galbreath opines that the positive scores that Panther received on federal safety tracking reports indicates that the defendant had an excellent safety and driver audit program.  Plaintiffs contend that Panther's safety ratings, safety evaluation statistics and any comparison to industry and government standards are not relevant to this case.  The case, plaintiffs insist, concerns whether Defendant Sanders drove in a negligent or reckless manner, and whether Defendant Panther was negligent in its hiring training and supervising of

11

Sanders. Evidence that Panther operated in a safe manner in other instances is not relevant to these claims and would serve only to mislead the jury.

The court will deny this motion. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Here, the case is in part about whether Defendant Panther was negligent in the training it provided Defendant Sanders. Information about the general training provided by Panther and how that training compares with industry norms and government standards is relevant to that question of negligence. Indeed–as defendant points out–the expert report that plaintiffs provide includes discussions of Panther's performance on Department of Transportation safety surveys, the company's general training policies and the relationship between federal regulations and Panther policies. (See Report of Christina D. Kelly, attached as Exh. A to Defendants' Brief in Opposition to Plaintiffs' motion in limine (Doc. 86-2) at 5-7). References in Galbreath's report to federal law and statistics and industry standards will not confuse the jury or prejudice the plaintiffs, since the report is brief and the information and statistics objected to are not complicated. Moreover, such information–provided by experts for both sides–will help the jury assess whether Defendant Panther violated the standard of care in training Sanders. Plaintiffs' major complaint appears to be that Galbreath's report does not address Sanders's training with enough specificity. They can probe these weaknesses through cross-

12

examination.

**Conclusion**

     For the reasons stated above, the court will grant the parties' motions in limine in part and deny them in part. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HELEN GROSEK, and** | : | No. 3:07cv1592 |
| **ANTHONY GROSEK,** | : | |
| Plaintiffs | : | (Judge Munley) |
| | : | |
| v. | : | |
| | : | |
| **PANTHER TRANSPORTATION, INC.,** | : | |
| **PANTHER EXPEDITED SERVICES,** | : | |
| **INC., and** | : | |
| **ANTHONY L. SANDERS, a/k/a TONY** | : | |
| **SANDERS,** | : | |
| Defendants | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

**AND NOW**, to wit, this 1st day of April 2009, the parties' motions in limine are hereby **GRANTED** in part and **DENIED** in part, as follows:

1) Defendants' motion in limine to trifurcate the trial (Doc. 68) is hereby **DENIED**;

2) Defendants' motion in limine to preclude testimony or evidence concerning Anthony L. Sanders's traffic citation (Doc. 70) is hereby **DEEMED WITHDRAWN**;

3) Defendants' motion in limine to preclude testimony and portions of the report of Christina D. Kelly (Doc. 80) is hereby **GRANTED** as unopposed. Testimony and portions of Kelly's report concluding that defendants acted

14

willfully, wantonly, outrageously, maliciously or recklessly is hereby precluded;

4) Plaintiffs' motion in limine regarding argument about punitive damages (Doc. 72) is hereby **DENIED** without prejudice to the plaintiffs raising the issue at the court's jury charge conference;

5) Plaintiffs' motion in limine to preclude evidence or argument related to compliance with federal regulations (Doc. 74) is hereby **DENIED** without prejudice to the plaintiffs raising the issue at the court's jury charge conference;

6) Plaintiff's motion to confirm the admissibility of Defendant Sanders's guilty plea (Doc. 76) is hereby **GRANTED**; and

7) Plaintiff's motion in limine to preclude irrelevant testimony of defendants' expert, Hugh Galbreath (Doc. 78) is hereby **DENIED**.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**